UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LOUIS RODRIGUEZ,

        Plaintiff,

-v-                                                  No.  10 Civ. 8019 (LTS)(JLC)

DORA SHIRO, Commissioner New York City
Department of Corrections et al.,

        Defendants.

------------------------------------------------------------x

## ORDER

        Plaintiff Louis Rodriguez ("Plaintiff") brings this action alleging civil rights violations arising from the alleged failure of the New York City Department of Corrections to provide him with appropriate-sized shoes.  Defendants move to dismiss the Complaint asserting, inter alia, that Plaintiff made false statements in his September 23, 2010, in forma pauperis application ("IFP application").  The motion to dismiss is unopposed, and Plaintiff has made no other submissions in support of his Complaint or with regard to his IFP application in particular.

        Plaintiff declared under penalty of perjury in his IFP application that he did not have any money, including any money in a checking or savings account.  (Request to Proceed In Forma Pauperis dated September 23, 2010.)  Also in his IFP application, Plaintiff responded, "N/A," to the question, "Have you received, within the past twelve months, any money from any source?"  Id.  However, Plaintiff's Inmate Transaction List reveals that $3,770.00 was deposited into his account between September 23, 2009, and September 22, 2010.  (Perell Decl. Exh. A.)

        Under 28 U.S.C. § 1915, "the court shall dismiss the case at any time if the court

determines . . . that . . . the allegation of poverty is untrue." 28 U.S.C.A. § 1915(e)(2)(A) (West 2006). However, "[d]ismissal of a case with prejudice . . . is a harsh sanction which should be resorted to only in extreme cases." Acevedo v. Reid, 653 F. Supp. 347, 348 (S.D.N.Y. 1986); but see Vann v. New York City Commission of Corrections, 10 civ. 4601 (S.D.N.Y. Apr. 5, 2011) (dismissing case with prejudice where prisoner failed to disclose $2,059.10 in deposits annually to his inmate account); McIntosh v. Dep Canty, 10 civ. 7766 (S.D.N.Y. Apr. 14, 2011) (dismissing case with prejudice where prisoner failed to disclose $3,970 in deposits annually to his inmate account). Even after finding bad faith or intentional misrepresentations in an application to proceed in forma pauperis, the court "remains free to decide whether, on consideration of all circumstances, dismissal with prejudice is the appropriate sanction." Acevedo, 653 F. Supp. at 348. Here, because Plaintiff offers no explanation for omitting the $3,770.00 from his application, this Court finds that the omission was intentional, though not necessarily the product of bad faith, and, further, that the allegation of poverty is untrue. Plaintiff's claim is dismissed without prejudice to refiling within 60 days from the date of this order, provided that Plaintiff offers some explanation for the omission and misrepresentation on his IFP application. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
July 18, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge